(36 Misc. Rep. 633.)

### In re NEW YORK JUVENILE ASYLUM.

(Supreme Court, Special Term, New York County. December, 1901.)

1. STATE BOARD OF CHARITIES—CONSTITUTIONAL LAW.

State board of charities is a constitutional body created by the state constitution of 1894, and is not an inferior board to which the legislature has delegated powers possessed by itself.

2. REFORMATORY INSTITUTIONS—SUPPORT OF CHILDREN—COMPENSATION.

Under Const. art. 8, § 14, forbidding payments of public moneys to· correctional or reformatory institutions for any inmate not received and retained there pursuant to the rules of the state board of charities, the· New York Juvenile Asylum, a reformatory institution, authorized by its charter, in force before the constitution was adopted, to receive and be paid a fixed sum by the city of New York for the care of a child· voluntarily surrendered to it by its mother, cannot compel the city to pay for the care of the child where it was not received and is not retained pursuant to the rules adopted by the state board of charities. before reception of the child.

Application by the New York Juvenile Asylum for writ of mandamus against the commissioner of public charities. Writ denied..

Goeller, Shaffer & Eisler (Robert Goeller, of counsel), for petitioner.

John C. Davies, Atty. Gen. (Elton D. Warner, Dep. Atty. Gen.),. for state board of charities.

John Whalen, Corp. Counsel (Charles A. O'Neil, of counsel), for commissioner of public charities.

CLARKE, J. Application for a mandamus to compel the commissioner of public charities to certify to the comptroller that the petitioner has received and retained a certain girl of 13 years,. surrendered to the asylum by her mother as ungovernable, in pur--

suance of the rules and regulations of the state board of charities. Without said certificate the comptroller will not pay to petitioner the amount established by law to be paid for supporting and maintaining her therein as a public charge. It is conceded that she was not received and retained in accordance with the rules and regulations of said board adopted prior to her reception, and on the 4th day of June, 1901; but petitioner claims the rule violated to be null and void as to it, because, inasmuch as by its charter it was authorized to receive surrendered children, as well as committed, and by law, prior to the adoption of the new constitution, was authorized to receive for each child surrendered or committed at the rate of $110 a year from the city, its charter could only be amended by the legislature which granted it, and that this rule of the state board of charities affects, amends, or annuls its charter in that regard, and takes away a property right. The state board of charities is a constitutional body. Its powers and duties are defined by the same instrument which creates the legislature. It is not an inferior board or body to which the legislature has attempted to delegate powers possessed by it, and so the line of authorities cited to establish the proposition that the legislature cannot delegate its powers does not apply. The constitution itself provides, in section 14 of article 8:

"No such payments [that is, payments of public moneys to charitable, eleemosynary, correctional, and reformatory institutions] shall be made for any inmate of such institutions who is not received and retained therein pursuant to rules established by the state board of charities."

That is the direct and controlling mandate of the constitution, of supreme authority over the courts, no less than executive officers. In discussing that section of the constitution, the court of appeals said in People v. Comptroller of City of Brooklyn, 152 N. Y. 410, 46 N. E. 856:

"We entertain no doubt that this prohibition operated presently; that is to say, that, from the time rules should be established by the state board regulating the reception and retention by charitable institutions, no payments would be justified for the care, support, and maintenance of inmates received or retained in contravention of the rules of the board."

Again the same court said in People v. Fitch, 154 N. Y. 14, 47 N. E. 983, 38 L. R. A. 591:

"This declaration of the organic law is plain and unambiguous, and expressly forbids the appropriation of money by the counties and cities of the state  *  *  *  unless the inmates are received and retained in the manner stated. Its manifest purpose is to make all appropriations of public moneys by the local political divisions or municipalities of the state to institutions under private control subject to the supervision and rules of the state board of charities."

While it is true that the precise point involved in the matter at bar was not before the court in either of the cases cited, still, as the expression of the opinion of the court of last resort discussing the general purposes of the new constitutional provisions applicable to the case now here, I must regard said cases as controlling on this motion. The evil aimed at by the constitutional convention, and by the people in accepting its work, is the precise evil sought to

be perpetuated by this petitioner in this proceeding, namely, compelling public funds to be expended for inmates of private institutions, without any examination by public authorities as to the necessity therefor. This the constitution says shall not be done.

Motion denied. Ten dollars costs.